UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMY CEASE, AS GUARDIANS OF J.C.; AND SARA CEASE, AS GUARDIANS OF J.C.; <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTINA HENRY ET AL., <br><br> Defendants. | 5:22-CV-05015-RAL <br><br><br> ORDER FOR DISMISSAL WITHOUT PREJUDICE |

This case has been long pending before this Court and now is proper to dismiss. By way of background, on August 9, 2024, this Court entered an Order Granting Motion to Withdraw, Doc. 78, eight days after Plaintiffs' counsel motion seeking withdrawal due to an "irreversible breakdown of the relationship between counsel and the Plaintiffs;" Plaintiffs' counsel had attested that a copy of the motion and affidavit to withdraw had been furnished to the plaintiffs. Doc. 77.

Defendants then filed a motion to reconsider, Doc. 79, noting that they did not get the 21-day period in D.S.D. LR 7.1 to respond to the motion to withdraw and that withdrawal without substitution of counsel was prejudicial to the Defendants and legally problematic. Doc. 80. Indeed, "[w]hile parents may be entitled to bring suit in a representative capacity to redress the alleged violations of [their child's] legal rights . . . they cannot do so by appearing pro se." Milne v.Gaden, No. 5:22-CV-5017-LLP, 2023 WL 2072100, at *7 (D.S.D. Feb. 17, 2023); see Crozier for A.C. v. Westside Cmty. Sch. Dist., 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate claims pro se on behalf of their minor children under 28 U.S.C. § 1654).

On August 29, 2024, this Court held a hearing on Defendants' Motion to Reconsider, at which the former attorneys for Plaintiffs and counsel for Defendants appeared. The parties agreed that Plaintiffs cannot act pro se to represent the interests of their minor son in this matter. This Court then denied Defendants' Motion to Reconsider because it did not want to require counsel from Beardsley, Jensen & Lee Prof. LLC to remain as Plaintiffs' counsel when there had been an irreversible breakdown in the relationship. Doc. 84. This Court, however, ordered that if Plaintiffs do not have substitute counsel enter an appearance on or before September 25, 2024, then this case would be subject to dismissal without prejudice to refiling. This Court also directed the Clerk of Court to mail a copy of this order to the Plaintiffs at the address furnished during the hearing so that they are aware of the deadline to substitute counsel to avoid dismissal without prejudice to refiling.

On September 26, 2024, Defendants filed a Motion to Dismiss, Doc. 86, and memorandum, Doc. 87, mailing the Plaintiffs a copy. As of November 4, 2024, Plaintiffs had not responded. Doc. 89. For good cause, it is

ORDERED that the Motion to Dismiss, Doc. 86, is granted and this case is dismissed without prejudice.

DATED this 4th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE